O’NIELL, J.
This suit is founded upon a deed of trust, made by the defendant in Arkansas, purporting to transfer to the plaintiff, as trustee for a firm styled H. M. & D. J. Kinard, four mules and two wagons and harness, to secure the payment of a debt due by the defendant to H. M. & D. J. Kinard.
Alleging that he was the legal owner and entitled to possession of the mules and wagons and harness, and that he feared the defendant would take or send the property out of the jurisdiction of the court during the pendency of the suit, the plaintiff had the property sequestered pendente lite. The prayer of his petition was that the property be delivered to him, to be disposed of by him as trustee, for the purpose of paying the debt due by the defendant to H. M. & D. J. Kinard, according to the terms of the deed of trust. He prayed also for a judgment for $100 damages for the alleged illegal detention of the property by the defendant. And in the alternative he prayed that, if any of the property could not be found, he should have judgment for its value.
The defendant, in answer to the suit, admitted that he had signed the so-called deed of trust, hut alleged that it was illegal, null, and void, and that it was made in violation of article 244 of the Constitution of Louisiana, declaring two mules and one wagon exempt from seizure. He prayed that the plaintiff’s demands be rejected, and, in any event, that two of the mules and one wagon and a' set of harness be declared exempt from seizure and be released to him.
Judgment was rendered against the defendant, decreeing the plaintiff to be the owner of the mules, wagons, and harness, and ordering them delivered to him, as trustee, for the use and benefit of H. M. & D. J. Kinard, to be disposed of according to the terms of the deed of trust. The defendant prosecutes this appeal.
The learned counsel for the appellee, without formally moving to dismiss the appeal, directs our attention to the fact that the value of the property sequestered, as well as the amount of the debt for which the so-called deed of trust was given, is less than $2,000. He suggests that we should, of our own motion, dismiss the appeal, for want of jurisdiction.
Opinion — On the Question of Jurisdiction.
[1] According to article 85 of the Constitution, this court alone has appellate jurisdiction of suits involving homestead exemptions; and that has been construed to mean suits involving the question of exemption, under article 244 of the Constitution, not only of the homestead, properly so-called, but also of personal property of the character mentioned in that article of the Constitution.
On the question of appellate jurisdiction, this case is, in every respect, like that of Green, Trustee, v. Kettler, No. 21663, 78 South. —, 143 La. —, where it was held that this court alone had jurisdiction to decide whether two of the mules sequestered were exempt from seizure under article 244 of the Constitution, and that the court was not deprived of jurisdiction of that question by the fact that there were other issues to be decided as to which the value or amount in contest did not exceed $2,000. Without deciding then whether the case might eventually have to be transferred to the Court of Appeal for a decision of the *495 questions that did not affect the property claimed to be exempt from seizure, we declined to transfer the case without having decided the question of exemption.
Adhering to the ruling made in the case of Green, Trustees, v. Kettler, we must consider and decide all and only the questions that must be passed upon in determining whether two of the mules and one wagon and harness sequestered in this case are exempt from seizure.