GAAR, for Use and Benefit of GLOVER, v.
KING et al.

No. 5316.

Court of Appeal of Louisiana. Second
Circuit.

Dec. 11, 1936.

Dhu Thompson, of Monroe, for appellant.

A. K. Goff, Jr., of Ruston, for appellee.

DREW, Judge.

Mrs. Kittie Allen Glover, alleging she is the owner of a moneyed judgment against Sallie King, Ada Thompson, and Eugene Burton, in the sum of $200, with 8 per cent. per annum interest thereon from November 28, 1924, until paid, plus 10 per cent. attorney's fees upon both principal and interest, did, on April 4, 1936, have issued a fieri facias, seized and advertised for sale certain real property owned by Ada Thompson. On April 7, 1936, Mrs. Glover filed a suit to revive the judgment under which execution had issued, the judgment having been rendered on May 5, 1926.

On April 18, 1936, Ada Thompson and Eugene Burton answered the suit to revive, alleging that the judgment had been paid in full and setting out in detail the amount of payments and dates of same. They prayed that plaintiff's demands be rejected, and, in the alternative, that they be given credit for the amount found by the court to have been paid, and that judgment be revived only for the balance due. On the same date Ada Thompson filed a petition praying that the seizure and sale of her property be enjoined for the following reasons: (1) That the judgment had been satisfied; and (2) that it was her homestead.

It does not seem from the record that Sallie King was ever served in the case, and she has made no appearance.

The suit to revive and the suit to enjoin the sale were consolidated, tried, and one judgment rendered by the trial judge, in which judgment he ordered the former judgment revived as against Ada Thompson and Eugene Burton, subject to certain credits to which he found defendants entitled. The judgment further ordered the rule issued on behalf of Ada Thompson made absolute, enjoining the sale of the property seized, and recognizing the homestead exemption of Ada Thompson.

From this judgment, Ada Thompson alone has appealed and asks that the credits allowed by the lower court on the revived judgment be increased to an amount sufficient to satisfy it. Mrs. Glover answered the appeal praying that the recognition of the homestead exemption be set aside.

The Supreme Court of this state has exclusive appellate jurisdiction in all cases involving homestead exemptions, if real property is involved, regardless of the amount. Louisiana Const.1921, art. 7, § 10. And the Supreme Court cannot be deprived of jurisdiction in such cases merely because there are other issues involved in which the value or amount in contest does not exceed $2,000. Green v. Traylor, 142 La. 492, 77 So. 127; Green v. Kettler, 144 La. 374, 80 So. 594.

In Murff v. Ratcliff, 171 La. 419, 131 So. 194, 195, the court said: "What is meant by a case involving a homestead

exemption is a case in which one of the parties to the litigation claims the benefit of the homestead exemption."

In the case before us, Ada Thompson, the defendant in the suit to revive, is claiming homestead exemption in that the property seized and advertised for sale is her home, being a small tract of land on which her home is situated.

We therefore find it necessary to transfer the appeal in this case to the Supreme Court, and it is so ordered. Appellants are granted 30 days in which to perfect the appeal to the Supreme Court of this state, in accordance with the rules of said court.